UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:13-CR-71-DBH |
| | ) |
| MARK BROWN, | ) |
| DEFENDANT | ) |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

The defendant Mark Brown has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 55). The government responds that Brown has not exhausted his administrative remedies, namely, he has not asked the Warden of his prison for relief. Gov't's Response at 7 (ECF No. 57). Brown has not contradicted that assertion.

The statute is clear that a prisoner can move for relief only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); United States v. Saccoccia, 10 F.4th 1, 3-4 (1st Cir. 2021) ("[I]ncarcerated individuals [may] file their own motions seeking compassionate release as long as they first apply to the BOP"). Although the exhaustion requirement is not jurisdictional, see United States v. Whalen, No. 1:11-cr-00033-JAW, 2020 WL 3802714, at *6-7 (D. Me. July 7, 2020), it is mandatory, see United States v. Cain, No. 1:16-cr-00103-JAW-1,

2020 WL 3064427, at *2 (D. Me. June 9, 2020); accord United States v. Lugo, 2020  No. 2:19-cr-00056-JAW, WL 1821010, at *3 (D. Me. Apr. 10, 2020).

On the record in this case, the defendant has not satisfied the exhaustion requirement by first filing a request with the Warden at his facility.  I therefore **DISMISS WITHOUT PREJUDICE** his motion for compassionate release.  See id.

**SO ORDERED.**

**DATED THIS 28TH DAY OF OCTOBER, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**