UNITED STATES DISTRICT COURT
                          DISTRICT OF MAINE

MARK BROWN,                    )
                               )
       Petitioner,             )
                               )
  v.                           )    2:13-cr-00071-NT-1
                               )    2:24-cv-00309-NT
UNITED STATES OF AMERICA,      )
                               )
       Respondent              )

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motions, ECF Nos. 59, 61.)[1] The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 66.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2013, a grand jury indicted Petitioner for possessing a firearm after having been convicted of an offense punishable by more than one year in prison in violation of 18

---

[1] Petitioner initially filed a motion entitled "Motion Under 18 U.S.C. § 3582 for Reconsideration of a Sentence/Reduction." (Motion, ECF No. 59.) Upon review of the motion, the Court issued an order in accordance with *Castro v. United States*, 540 U.S. 375 (2003) advising Petitioner that the Court characterized the motion as a motion for habeas relief under 28 U.S.C. § 2255. (Order, ECF No. 60.) The Court permitted Petitioner the opportunity to withdraw or amend his motion. Petitioner's subsequent filing was docketed as an additional motion pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 61.) The Court has considered the arguments Petitioner raised in both motions and refers to the two filings as one motion in this Recommended Decision.

U.S.C. §§ 922(g)(1) and 924(e).  (Indictment, ECF No. 1.)  The indictment listed one firearm and four prior felonies.  *Id.*  In May 2013, Petitioner pled guilty.  (Plea Agreement, ECF No. 22; Change of Plea Hearing, ECF No. 24.)  In September 2013, the Court sentenced Petitioner to 188 months in prison.  (Judgment, ECF No. 33.)  In August 2014, the First Circuit affirmed.  (Judgment of the First Circuit, ECF No. 43.)

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

The First Circuit affirmed the district court's judgment on August 27, 2014, and issued its mandate on September 19, 2014.  Petitioner then had ninety days to seek a writ of certiorari from the United States Supreme Court.  Sup. Ct. R. 13.  Petitioner did not file

a request for a writ from the Supreme Court. Petitioner's judgment became final following the expiration of the ninety-day period on December 18, 2014, at the latest. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on December 18, 2014. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). Petitioner signed his motion on August 19, 2024, nearly ten years after the limitations period expired.

Petitioner does not argue that a different finality date applies under § 2255(f)(2) or (f)(4), but he evidently contends that his motion was filed timely under § 2255(f)(3) because his petition is allegedly based on new case law rendering his conviction unconstitutional. Petitioner cited the Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and the June 21, 2024, decision in *United States v. Rahimi*, 602 U.S. 680 (2024). In *Bruen*, the Supreme Court invalidated some state licensing processes that placed a burden on the right of law-abiding citizens to carry handguns for self-defense outside the home, but the Court did not address or consider § 922(g)(1) or any other federal criminal firearm statute. *Bruen*, 597 U.S. at 8–11. In *Rahimi*, the Supreme Court upheld the federal criminal statute (18 U.S.C. § 922(g)(8)) prohibiting an individual from possessing a gun while subject to a domestic violence

3

restraining order if the order includes a finding that the individual poses a credible threat to the physical safety of a protected person. *Rahimi*, 602 U.S. at 693.

  While *Bruen* and *Rahimi* might have modified the framework that a court must use to analyze a Second Amendment challenge, and while the modified framework might permit nonfrivolous attempts to invalidate a provision underlying a federal firearms conviction in a subsequent case, the Supreme Court's discussions about historical analogues does not itself constitute a new rule of law for purposes of the § 2255 statute of limitations that would support a postconviction challenge to a § 922(g)(1) conviction. *See Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against interpreting or applying retroactivity rules at a high level of generality); *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1233 (D. Wyo. 2023) (noting that nothing in *Bruen* modified the statements approving federal statutes disarming felons within *D.C. v. Heller*, 554 U.S. 570, 626 (2008), and noting that three members of the six-justice majority in *Bruen* concurred separately to emphasize the narrowness of the opinion, and concluding that "*Bruen* does not trigger a new one-year limitations period"); *United States v. Hackworth*, No. 8:19CR275, 2023 WL 6587977, at *2 (D. Neb. Oct. 10, 2023) (contrasting decisions which themselves establish a new retroactively applicable right with a decision like *Bruen*, which "merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by [Petitioner]") (quotation marks omitted).

4

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply,[2] dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255.[3] I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[2] "[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances that would support an equitable tolling finding.

[3] Petitioner also filed a letter alleging that he has not received certain time credits to which he is allegedly entitled. (Letter, ECF No. 69.) To the extent that Petitioner intended the letter as a supplement to his § 2255 motion, the allegations in the letter would not support § 2255 relief because they do not concern the legality of the conviction or the imposition of the sentence. After a court imposes a sentence, the Bureau of Prisons (BOP), rather than the sentencing court, is responsible for the calculation of the sentence and time credits. *See* 18 U.S.C. § 3624(a)-(b); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). If a prisoner seeks to challenge or enforce the rules and regulations governing the implementation or execution of the sentence rather than the legality of the conviction or sentence, the prisoner must exhaust the internal BOP remedies and then file a petition pursuant to 28 U.S.C. § 2241 in the court with jurisdiction over the place of confinement rather than the sentencing court. *McKinney v. United States*, No. 1:18-CR-00084-JAW-3, 2022 WL 1997242, at *3 (D. Me. June 6, 2022); s*ee also*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015) (noting that § 2241 petitions are the traditional method for challenging BOP decisions regarding prison placement and time credits).

# **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 8th day of October, 2025.